UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WAYNE E. DAY, )
6119 SAVANNAH GRACE LANE )
HUNTERSVILLE, NC 28078 )
APPELLANT ) Civil Action No. _____
)
Vs. )
) Case: 1:22-cv-02227
) Assigned To : McFadden, Trevor N.
LOUIS DEJOY ) Assign. Date : 7/28/2022
POSTMASTER GENERAL ) Description: Pro Se Gen. Civ. (F-DECK)
U.S. POSTAL SERVICE )
475 L'ENFANT PLAZA, SW )
WASHINGTON, DC AGENCY )
20260 )

## COMPLAINT

Pursuant to 29 C.F.R. §1614.407(a), Appellant Wayne Day, through counsel, seeks de novo review of the Final Agency Decision on Attorney's Fees and petitions the United States District Court for the District of Columbia to order the United States Postal Service (Agency) to reimburse him for attorney's fees and costs totaling $61,993.12 for time and costs incurred for the above-captioned case. The Final Agency Decision on Attorney's Fees, awarding $13.935.37 to the Appellant, was issued by the Agency on May 2, 2022. *See* Attachment 1, Final Agency Decision on Attorney's Fees.

### A. ARGUMENT

An award of attorney's fees is determined by calculating the loadstar, i.e., by multiplying a reasonable hourly fee times a reasonable number of hours expended. *Hensley v. Eckerhart*, 461 U.S. 424 (1983); 29 C.F.R. §1614.501(e)(2)(ii)(B). "There is a strong presumption that this amount represents the reasonable fee." 29 C.F.R. §1614.501(e)(2)(ii)(B). "The experience level of an attorney is an integral part of the calculation of attorneys' fees under the Laffey Matrix." *Lively v. Flexible Packaging Association*, 930 A. 2d 984 (D.C. 2007). "The fundamental

RECEIVED
JUL 28 2022
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

purpose of the fee award is to compensate the attorney for his efforts." *Copeland v. Marshall*, 641 F.2d 880, 205 U.S. App. D.C. 390 (D.C. Cir.1980).

In this case, Appellant's counsel seeks reimbursement at the hourly rate of $899 per hour, which is a reasonable rate in light of his counsel's years of experience and the market rates. Appellant's counsel is a Harvard Law graduate and has more than thirty-five (35) years of experience as a practicing attorney. Specializing in Federal court litigation, he has handled both criminal and civil claims, including cases involving complex issues. He has held both supervisory and executive positions for many years as a government attorney. He served as the top lawyer for the U.S. Department of Veterans Affairs for almost five (5) years, being confirmed by the United States Senate and appointed by President Barack Obama. *See* Attachments 2 and 3, Appellant's Verified Statement of Attorney's Fees and Costs and Fee Affidavit of Will A. Gunn.

The reasonable hourly rate is generally determined by the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Blum v. Stenson,* 465 U.S. 886 (1984). In the Washington, D.C. area, prevailing market rates for discrimination cases are determined using the "*Laffey Matrix,*" which is published by the U.S. Attorney's Office for the District of Columbia. *See* Attachment 3. Per the *Laffey Matrix*, the reasonable hourly rate for Appellant's representative is $899 per hour. *Id*. The *Laffey Matrix* shows that the rate that Appellant's counsel seeks reimbursement at should be deemed reasonable.

Even though the Appellant lived in the Charlotte, North Carolina area, Appellant's counsel practiced in the Washington, DC area. Appellant's case involved employment discrimination, and Appellant obtained his counsel as a result of a referral after seeking counsel

in his local area without success. Prior to obtaining counsel, Appellant represented himself, pro se, against the Agency for more than four (4) years. *See* Attachment 4, Declaration of Wayne E. Day.

Additionally, Appellant's counsel was very judicious in his use of time in this case. As the attached time records show, Appellant's counsel engaged in a thorough review of more than ten (10) years of medical records in order to obtain an award of a total of $100,000 in compensatory damages. This specific review was complicated by delay in receiving records from multiple medical care-providers during the COVID-19 pandemic. Rather than coming in at one specific time or over a small range of time, the Appellant's medical records from various sources including the Department of Veterans Affairs, private physicians and a community hospital, arrived separately over a range of several weeks. Each time that records arrived, Appellant's counsel had to review them to determine whether they were relevant to Appellant's compensatory damages claim and revise the claim documents accordingly. This process was complicated by the fact that the forms that the Agency provided for submitting claim documentation was not computer-fillable. Thus, the forms had to be either typed or hand-written.

In addition to the efforts to submit evidence justifying Appellant's compensatory damages claim, Appellant's counsel worked with the Appellant and engaged in efforts with the Agency in order to obtain meaningful work consistent with his client's reasonable accommodation needs and the Equal Employment Opportunity Commission's (EEOC's) February 2020 decision. *See* Attachment 5. Counsel did not waste time or engage in unnecessary litigation in this case. Further, counsel spent time engaging in discussions to resolve the reasonable accommodation issue with the Agency. As a result of Appellant counsel's efforts, the parties were able to reach

an agreement concerning the reasonable accommodation. This time should be reimbursed by the Agency, as should time spent preparing this Motion. With regard to costs, Appellant seeks reimbursement for all administrative time ($438.48) and reimbursable expenses ($197.89).

### B. CONCLUSION

For the foregoing reasons, the District Court should order the Agency to pay Appellant $61,993.12 in attorney's fees and costs.

July 28, 2022                              Respectfully submitted,

*Will A. Gunn*

Will A. Gunn, Esquire
Attorney
9119 Lake Tower Lane
Fort Belvoir, Virginia 22060
Willgunn22@icloud.com
(202) 341-8081
Attorney for Appellant
DC BAR NO. 986205